HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

RAYMOND A. LAPOINTE, et al.,

        Plaintiffs,

v.

3M COMPANY, et al.,

        Defendants.

CASE NO. C18-5437 RBL

ORDER GRANTING MOTION TO REMAND

THIS MATTER is before the Court on Plaintiff LaPoint's (Second)[1] Motion to Remand. Lapoint claims that Defendant Boeing's removal in diversity jurisdiction grounds was improper because it concedes it "does not know" the citizenship of another defendant, Metalclad Insulation LLC. LaPoint argues that because one of the members of that LLC is itself an LLC, the citizenship of the members of that second LLC determine Metalclad's citizenship.

Boeing responds that Local Rule 101 only "requires identification of citizenship to the extent possible," and emphasizes that it has undertaken Herculean efforts to determine the citizenship of the members of the LLC that is in turn one of the members of Metalclad LLC.

---

[1] In response to the first, Boeing sought and received leave to file a corrected notice of removal. It did so and the Court denied LaPoint's first motion to remand. LaPoint's second motion argues that the revised notice is also defective.

ORDER GRANTING MOTION TO REMAND - 1

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court. The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper. *Conrad*, 994 F. Supp. at 1198. It is obligated to do so by a preponderance of the evidence. *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992); *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1042 (9th Cir. 2009). Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance. *Id.* at 566.

The Court is more than a little reluctant to remand the case and re-set the trial date and related scheduling. It is not fair to the state court and it is not fair to the parties. It is yet another waste of judicial resources—which is not uncommon, unfortunately, in this case and generally. But LaPoint is correct: diversity is not complete—and § 1332 jurisdiction is therefore unavailable—if "any plaintiff is a citizen of the same State as any defendant." *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978). The parties do not know, and the Court does not know, whether there is complete diversity.

When there is such uncertainty, a Federal District Court does not have diversity jurisdiction. If and to the extent Local Rule 101 holds that "doing the best you can" to determine citizenship is sufficient, it is simply not correct. The Supreme Court, Congress, and countless other courts have for years clearly spelled out what to do when it is not clear that there is diversity jurisdiction: remand the case for lack of diversity jurisdiction.

Boeing's request for "jurisdictional discovery" is **DENIED**; it has already claimed it has done all it can to determined Metalclad's citizenship and come up empty. LaPoint's Motion to Remand is **GRANTED** and this case is **REMANDED** to Pierce County Superior Court. LaPoint's

Motion for Sanctions is **DENIED**. All other pending motions are denied as moot, and should be addressed to the state court.

IT IS SO ORDERED.

Dated this 19th day of October, 2018.

_____
Ronald B. Leighton
United States District Judge